<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALAN COVINGTON,

        Plaintiff,

    v.

URS CORPORATION *Washington Division*, HUD-BERGEN LIGHT RAIL PROJECT and DENI HOEHNE, *Human Resource Director*,

        Defendants.

Civil Action 11-04516 (ES)

<u>OPINION</u>

<u>SALAS, District Judge</u>

I. INTRODUCTION

Pending before the Court is Defendants, URS Energy and Construction, Inc., improperly pled as URS Corporation Washington Division HUD-Bergen Light Rail Project ("URS") and Human Resource Director Deni Hoehne's ("Hoehne") (collectively, "Defendants"), Motion to Dismiss *pro se* Plaintiff, Alan Covington's ("Plaintiff" or "Covington"), Complaint, alleging age discrimination pursuant to the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. §§ 621-634.[1] (Br. in Supp. of Def. Mot. to Dismiss ("Def. Mov. Br."), D.E. No. 12-1); (Plaintiff's Complaint, ("Pl. Compl."), D.E. No. 1). The Court has jurisdiction pursuant to 29

---

[1] Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.* ("Title VII"). (Pl. Compl. ¶ 1). However, Plaintiff does not allege that Defendants violated any of the protected classes under Title VII. Instead, Plaintiff alleges that Defendants engaged in discriminatory conduct by replacing him with a "younger" employee. (Pl. Compl. ¶ 10). Moreover, Plaintiff alleged discrimination based on age in the Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). (Def. Mov. Br., Ex. B, EEOC Charge of Discrimination ("EEOC Charge"), D.E. No. 12-2). Therefore, the Court properly considers Plaintiff's claims under the ADEA.

1

U.S.C. § 621, *et seq.*  The Court has considered Defendants' unopposed papers and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, Defendants motion to dismiss is GRANTED.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court will only present a brief recitation of the relevant facts for resolution of the instant motion.  On April 10, 2010, Plaintiff alleges that Defendants wrongfully terminated him and discriminated against him based on his age.  (Pl. Compl. ¶¶ 5, 9-10).  Thereafter, on October 18, 2010, Plaintiff filed a charge of discrimination with the EEOC.  (EEOC Charge).  After conducting an administrative investigation of the matter, the EEOC issued its determination and "Notice-Of-Right-To-Sue letter" on May 3, 2011.  (Pl. Compl. ¶ 8; Dismissal & Notice of Rights Letter, Ex. to Pl. Compl. at 9 ("Pl. Ex.")).  The EEOC determined that it was "unable to conclude that the information obtained establishe[d] violations of the statutes."  (Pl. Ex.).  The determination letter further advised Plaintiff that he had ninety days from receipt of said notice to commence a civil action that alleged ADEA claims in federal court.  (*Id.*).  Plaintiff asserts that he received the notice of right to sue on May 3, 2011.  (*Id.* ¶ 8).  Subsequently, Plaintiff filed his Complaint on August 3, 2011.  (Pl. Compl.).

On September 28, 2012, Defendants filed the instant motion to dismiss, which is unopposed.  (First Mot. to Dismiss, D.E. No. 12).

## III.    LEGAL STANDARD

As a preliminary matter, although Plaintiff did not file an opposition to the instant motion, "the Court must address unopposed motions to dismiss a complaint on the merits." *Wiggins v. String*, No. 12-3176, 2013 WL 1222676, at *2 (D.N.J. Mar. 25, 2013) (citation omitted).  Thus, in considering Defendants' motion to dismiss the complaint for failure to state a

claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court is "required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). But, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element[s]." *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

Furthermore, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (holding "that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000) (finding that EEOC charge and dismissal and right to sue letter are central to a plaintiff's claim and do not convert a motion to dismiss into a summary judgment motion).

Additionally, *pro se* complaints are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A *pro se* complaint may be dismissed for failure to state a claim only if it appears "'beyond [a] doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## IV.   DISCUSSION

Defendants argue that Plaintiff's Complaint must be dismissed because his claims are time-barred. (Def. Mov. Br. 9-10). Specifically, Defendants contend that Plaintiff had ninety days from the date he received the right-to-sue letter to file a federal suit under the ADEA. (*Id.* at 9). Because Plaintiff admits to receiving the right-to-sue letter on May 3, 2011, Defendants claim that Plaintiff's Complaint must be dismissed as untimely. (*Id.* at 10).

Under the ADEA, a complainant must first file a Charge of Discrimination with the EEOC within 180 days after the alleged unlawful act of discrimination occurred or within 300 days when the State has created an agency to hear discrimination claims. 29 U.S.C. § 626(d)(1)-(2).[2] After filing a charge with the EEOC, the complainant must wait at least 60 days before commencing a federal suit under the ADEA. 29 U.S.C. § 626(d). The ADEA, however, does not require that the EEOC issue a right-to-sue letter before a complainant can commence a

---

[2] In his Complaint, Plaintiff alleges that he filed charges with the EEOC on August 1, 2010. However, as evidenced in Defendants' Exhibit B to their motion papers, Plaintiff filed a Charge of Discrimination with the EEOC on October 18, 2010. (EEOC Charge). Notably, Plaintiff did not attach a copy of the EEOC Charge to his Complaint. Plaintiff also did not file an opposition brief to dispute the accuracy of this document or date. Nonetheless, the Court observes that this date is not relevant to the resolution of this motion. Once a right-to-sue letter is issued, the Court must determine whether the plaintiff commenced a federal suit within ninety days after receipt of the letter. 29 U.S.C. § 626(e); *see also Ruehl v. Viacom Inc.*, 500 F.3d 375, 383 n.11 (3d Cir. 2007); *McCray v. Corry Mfg. Co.*, 61 F.3d 224, 227 (3d Cir. 1995) (recognizing that a ninety-day statute of limitations period for filing a civil action in federal court exists in ADEA claims).

federal suit. *Seredinski v. Clifton Precision Prods. Co.*, 776 F.2d 56, 62-63 (3d Cir. 1985) (observing that the sixty-day period is required to allow the "EEOC to attempt to eliminate any alleged unlawful practice by informal methods of conciliation, conference and persuasion") (citation omitted). In the event that the EEOC issues a right-to-sue letter, an ADEA claimant must file its federal suit within ninety days after receipt of the letter. 29 U.S.C. § 626(e); *see Ruehl*, 500 F.3d at 383 n.11.

The Third Circuit has concluded that "the filing requirement of the ADEA could best be characterized as a statute of limitations rather than a jurisdictional prerequisite to suit." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 306 (3d Cir. 1983). This Circuit has further explained that although the time periods prescribed by Congress must be "treated seriously," circumstances may arise where the nine-day statute of limitations period can be equitably tolled. *Id.* at 307 (observing that where a "defendant has actively misled the plaintiff," equitable tolling may be appropriate).

Here, the EEOC issued Plaintiff a Dismissal and Notice of Rights letter on May 3, 2011. (Pl. Compl. ¶ 8). The letter specifically states: "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**." (Pl. Ex.) (emphasis in original). Plaintiff's own allegations maintain that he received the right to sue letter on May 3, 2011. (Pl. Compl. ¶ 8). Further, Plaintiff did not file an opposition to Defendants' motion to dispute the date in which he received the right to sue letter. Plaintiff also does not argue that the ninety-day period should be tolled.

Therefore, pursuant to § 626(e), Plaintiff was required to commence his lawsuit against Defendants within ninety days after receiving notice that the EEOC had terminated its

proceedings. 29 U.S.C. § 626(e). Plaintiff, however, did not file his Complaint until August 3, 2011, 92 days after the right-to-sue period expired. (Pl. Compl.). Plaintiff also failed to allege that Defendants had anything to do with his untimeliness. In the absence of some equitable basis for tolling, a civil action that is filed even two days late is time barred. *See Ruehl*, 500 F.3d at 384. Consequently, this civil action is time barred under § 626(e). *See* 29 U.S.C. § 626(e).

## V.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's complaint as untimely is GRANTED. An appropriate order shall accompany this opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**